UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

ORDER

This Document Relates To:
*Partlow v. 3M Co., et al.*,
No. 16-cv-2144

This matter is before the Court on Defendants' motion for judgment on the pleadings filed on November 8, 2018. Defendants' motion is based on the following objections. First, the Alabama statute of limitations applies and bars Plaintiff's negligence, strict liability, express warranty, and unjust enrichment claims. Second, Plaintiff incorrectly pled claims under Tennessee law. Third, Plaintiff's Minnesota consumer protection claims should be dismissed because Plaintiff lacks standing. For the reasons below, the Court grants Defendants' motion in all respects.

**BACKGROUND**

Pearlie Partlow is an Alabama resident who underwent a total right hip arthroplasty on December 13, 2011 at a hospital in Alabama. She alleges that the use of the Bair Hugger system in her surgery caused a periprosthetic joint infection, necessitating further surgeries. Like other plaintiffs in the MDL, Partlow asserts a long list of claims in her direct-filed complaint, including negligence, strict liability, breach of express warranty, and violations of Minnesota and Tennessee consumer protection statutes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim." *Eggenberger v. West Albany Twp.*, 90 F. Supp. 3d 860, 862 (D. Minn. 2015) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009)). To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, a court "view[s] all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party.'" *Scott v. CSL Plasma, Inc.*, CV 13-2616 (JNE/JJK), 2014 WL 12712347, at *2 (D. Minn. Apr. 11, 2014) (citing *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008)). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl*, 528 F.3d at 1096 (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)).

### I. Plaintiff's Negligence, Strict Liability, Express Warranty, Unjust Enrichment, and Fraudulent Concealment Claims

Pretrial Order ("PTO") No. 5 provides that Minnesota choice-of-law rules apply since Partlow identified the District of Minnesota as the venue where this action would have been filed but for the opportunity to direct file in the MDL. Short Form Compl.,

ECF No. 1 ¶ 4; PTO No. 5, MDL, No. 15-md-2666, ECF No. 37 at 1-2. Minnesota's choice-of-law analysis involves multiple steps. First, the court examines "whether the different states' laws actually present a conflict," *i.e.*, whether the conflict is "outcome determinative." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012). Second, the court considers whether the different states' laws may constitutionally be applied to the case at hand with a minimum contacts analysis. *Id.*

**A. Plaintiff Failed to Plead Fraudulent Concealment**

Defendants argue that there is an outcome determinative conflict between Minnesota and Alabama law. Defendants assert that the Alabama statute of limitations requires dismissal of these claims since negligence, strict liability, and unjust enrichment claims are governed by a two-year limitations period, and express warranty claims are governed by a four-year limitations period. *See* Ala. Code §§ 6-2-38(*l*) (negligence and strict liability), 7-2-725(1) (express warranty); *Auburn Univ. v. Int'l Bus. Mach. Corp.*, 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010) (holding that "§ 6-2-38(*l*)'s two-year statute of limitations applies to . . . [the] unjust enrichment claim" arising from a tort claim). Moreover, these claims accrue on the date of injury, and are not subject to any discovery rule. *See Singer Asset Fin. Co. v. Con. Gen. Life Ins. Co.*, 975 So. 2d 375, 382 (Ala. Civ. App. 2007). Because Partlow suffered her alleged injury in December 2011 but did not file her complaint until four and a half years later, Defendants conclude that these claims are time barred and should be dismissed.

Plaintiff contends that the conflict is not "outcome determinative" because fraudulent concealment tolls the Alabama statute of limitations. Alabama Code § 6–2–3 provides for the tolling of the statute of limitations in actions related to "the concealment of . . . causes of action where a party has a duty to disclose the information upon which the cause of action is based because of a confidential relationship between the parties or due to the presence of some special circumstances." *Hovater v. Equifax*, 823 F.2d 413, 415 (11th Cir. 1987). Plaintiff argues that Defendant fraudulently concealed the hazards of the Bair Hugger patient warming device "through labeling, advertising, marketing materials, presentations, publications, notice letters, and regulatory submissions that the Bair Hugger had been tested and found to be safe and effective" and Defendants had a duty to disclose the dangers associated with the device. Long Form Compl., MDL, No. 15-md-2666, ECF No. 46, Ex. A ¶¶ 185-192. Thus, Plaintiff asserts that an issue of fact remains with respect to whether fraudulent concealment would toll the Alabama statute of limitations.

The Court concludes, however, that Plaintiff fails to plead fraudulent concealment. Mere failure to warn of a product's risk is not enough to establish fraudulent concealment. *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983). Defendants argue that the allegations in Plaintiffs' complaint are no different than the allegations the Supreme Court of Alabama held to be insufficient to support fraudulent concealment in *Cazalas*. There, the plaintiff pled that the defendant knew for decades about the danger associated with the product, as allegedly demonstrated by internal communications, research, and testing. *Id.* Then, defendants, with an intent to deceive

the public, suppressed the evidence by failing to provide warnings. *Id.* Yet, the court affirmed dismissal of the products liability claims as time-barred because these allegations of fraud were insufficient to support fraudulent concealment. *Id.* Here, too, Plaintiffs fail to allege fraudulent concealment by pleading only that Defendants failed to disclose information about dangers associated with the Bair Hugger.

Rather, Plaintiff would have had to plead that Defendants' "alleged misrepresentation . . . prevented [Plaintiff] from making inquiry into the cause of her [injury] or pursuing any claims arising from it." *Scharff v. Wyeth*, No. 2:10-CV-220-WKW, 2011 WL 3320501, at *14 (M.D. Ala., Aug. 2, 2011). In short, the Plaintiff must allege that her "legal inaction . . . was induced" by misrepresentations made by the Defendant. *Id.* For example, in *Scharff*, the court emphasized that the plaintiff did not produce evidence of reliance by her doctor or her on misrepresentations made by Wyeth in deciding not to bring suit during this period. *Id.* Here, too, Plaintiff fails to allege that Defendants' misrepresentations caused the over four-year delay in filing suit.

Plaintiff's response is immaterial. Plaintiff argues that Defendants had a duty to disclose information under Alabama law. Moreover, Plaintiff asserts that, pursuant to the learned intermediary doctrine, fraudulent concealment includes a misrepresentation to a treating physician or healthcare institution that causes them to act or refrain from acting. Plaintiff cites *Wyeth, Inc. v. Weeks*, 159 So. 3d 649, 675-76 (Ala. 2014) for this proposition. Yet, the court in *Wyeth* did not consider whether the failure to adequately warn a learned intermediary sufficiently establishes fraudulent concealment. *Id.*

Consequently, *Wyeth* does not modify the Alabama Supreme Court's holding in *Cazalas* that a failure to warn, without more, does not rise to the level of fraudulent concealment.

For these reasons, Plaintiff did not properly allege fraudulent concealment. Accordingly, the Court dismisses Plaintiff's standalone claim for fraudulent concealment. Because the conflict is outcome determinative, the Court will also therefore decide whether the Alabama statute of limitations applies.

**B. Choice of Law Factors Favor the Application of Alabama Law**

To determine which state's laws should apply, courts apply Minnesota's five factor choice-of-law test. *See Milkovich v. Saari*, 203 N.W.2d 408, 412 (Minn. 1973). The factors are: (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law. *Id.* Since the parties agree that the second, third, and fifth factors are neutral or irrelevant to this case, their arguments focus on the remaining two factors: (1) predictability and (4) the forum's governmental interest. The Court concludes that Alabama law applies since the forum's governmental interest weighs clearly in favor of Alabama law.

**1. Predictability**

The predictability factor is inconclusive as both forums seem equally predictable. When considering the predictability factor, courts look to "whether the choice of law was predictable before the . . . event giving rise to the cause of action." *Mooney v. Allianz Life Ins. Co. of N. Am.*, 244 F.R.D. 531, 536 (D. Minn. 2007) (quoting *Danielson v. Nat'l*

*Supply Co.*, 670 N.W.2d 1, 7 (Minn. Ct. App. 2003)). Plaintiff could have expected claims arising from her surgery in Alabama to be governed by its law. Defendants also could have expected claims arising from their misconduct in designing and marketing a defective product in Minnesota to be governed by the law of that state. *See id.* (holding that both non-Minnesota plaintiffs and the Minnesota defendant "could have predicted that Minnesota law would govern claims based on [defendant's] allegedly fraudulent activities that emanated from Minnesota").

**2. Forum's Governmental Interest**

The fourth factor, the forum's governmental interest, weighs clearly in favor of applying Alabama law. When considering this factor, courts weigh the state's policy considerations. *Id.* at 536-37. Defendants contend that the "[c]ompensation of an injured plaintiff is primarily a concern of the state in which [the] plaintiff is domiciled." *Blake Marine Group v. CarVal Investors*, 829 F.3d 592, 596 (8th Cir. 2016) (concluding that the fourth factor favored application of the Alabama statute of limitations to an Alabama resident's tort claims even though the tortious acts originated in the defendant's Minnesota office). Thus, Alabama's interests dominate Minnesota's interests in policing manufacturers who injure their residents.

Plaintiff responds that Minnesota has an interest in compensating tort victims in a product liability case. But the Eighth Circuit rejected Plaintiff's argument in *Blake*. 829 F.3d at 596 ("Alabama's interest in compensating Blake, a resident of that state, outweighs Minnesota's interest and favors the application of Alabama law."). And this

Court already rejected this same argument in this MDL in *Gareis*. Order, *Gareis*, No. 16-cv-4187, ECF No. 113 at 2-3 ("Gareis should not be able to escape South Carolina policy by having Minnesota law apply to his claims."). For support, Plaintiff relies on the reasoning of an unpublished Minnesota Court of Appeal case that found that Minnesota's forum contacts and governmental interests outweighed those of Colorado in enforcing its statutory limitations. *Fluck v. Jacobson Machine Works, Inc.*, 1999 WL 153789, at *4 (Minn. Ct. App. Mar. 23, 1999) ("[W]e can find no basis for a Minnesota corporation manufacturing a product in Minnesota to have the benefit of the protections of a statute of repose promulgated in Colorado."). Yet, despite this language, the court ultimately concluded that Colorado law applies—the law of the plaintiff's home state—and thus, it is unclear how this case supports Plaintiff's argument.

Accordingly, the Court applies Alabama law and concludes that Counts 1-3 and 14 are time barred. Therefore, the Court dismisses Plaintiff's claims for negligence, strict liability, unjust enrichment, and express warranty.

**C. Minnesota's Statute of Limitations Does Not Apply**

In the event that Alabama law applies, Plaintiff argues that the Court still should apply the Minnesota statute of limitations. Under the fairness provision of the Minnesota Uniform Conflict of Laws–Limitations Act, the Court may apply the Minnesota statute of limitations period if it determines that the limitations periods between the two states are "substantially different" and plaintiff "has not been afforded a fair opportunity to sue." Minn. Stat. Ann. § 541.33. Plaintiff argues that the Minnesota statute of limitations

period should apply because "[t]his is an extreme case" and "there is absolutely no pathway in which Partlow could have discovered her claim during the two-year time period after the diagnosis of her infection." Pl.'s Opp'n, ECF No. 23 at 30.

Defendants assert that Plaintiff lacks both legal and factual support for her argument. The Court agrees. First, as the Eighth Circuit has noted, "[t]he comments to the uniform law make clear that the unfairness exception quoted from section 541.33 is 'rarely [to] be employed' in 'extreme cases.'" *Whitney*, 700 F.3d at 1126. In *Whitney*, the court concluded as a matter of law that "there is nothing unfair or unreasonable about a three-year statute of limitations, as contrasted with a six-year statute of limitations for oral contracts." *Id.* Similarly, here, there is nothing unfair about Alabama's two-year limitations period for negligence, strict liability, and unjust enrichment claims, or four-year limitations period for express warranty claims as compared to Minnesota's six-year statute of limitations.

Plaintiff's response is unavailing. Plaintiff argues that in *Burks v. Abbott Labs*, the court concluded that there was a substantial difference between Louisiana's one-year and Minnesota's six-year statute of limitations. 917 F. Supp. 2d 902, 919 (D. Minn. 2013). However, in that case, the court ultimately held that the one-year statute of limitations period did not deprive plaintiffs of "a fair opportunity to sue." *Id.*

Here, the Court similarly finds that the two-year statute of limitations period does not deprive Plaintiff of a fair opportunity to sue. Plaintiff did not allege in either her Long Form or Short Form Complaint that discovery of her claim was impossible. Nor did Plaintiff provide any support for her assertion that her case was an extreme case.

Moreover, Defendants dispute Plaintiff's assertion in her brief that it was impossible for her to discover her claim against Defendants during the two-year time period after the diagnosis of her infection. Defendants point out that other clients of the same law firm sued Defendants as early as March 2013 and January 2014. Def.'s Reply, ECF No. 27 at 8. Thus, even if the Court held that the statute of limitations periods are substantially different, Plaintiff has not established that her case is "extreme," and that she has not been afforded a fair opportunity to sue.

## II. Plaintiff's Tennessee Consumer Protection Claims

Defendants ask the Court to dismiss these claims for several reasons. First, Defendants ask the Court to hold Plaintiff accountable for agreeing to dismiss these claims in meet-and-confer correspondence. Second, Defendants assert that Plaintiff would need to file a motion for leave to amend to bring these claims under Alabama law. Order, *Axline*, No. 17-cv-00511, ECF No. 42 at 11 (denying informal request to amend made in plaintiff's opposition to Rule 12(c) motion)).

Plaintiff argues that amendment is unnecessary. While Plaintiff's Short Form Complaint erroneously named statutes under Tennessee law, the relevant statutes under Alabama law were pled in the Long Form Complaint and incorporated through PTO No. 8. Plaintiff asserts that the Long Form Complaint specifically identifies a claim for breach of implied warranty and consumer fraud and/or unfair and deceptive trade practices under Alabama law.

Defendants respond that Plaintiff failed to state her "basic theories of liability" in her Short Form Complaint as required by PTO No. 8. PTO No. 8, MDL, No. 15-md-

2666, ECF No. 46 at 2. Defendants explain that the Long Form Complaint pled the consumer protection statutes of every other state in the country. Long Form Compl., MDL, No. 15-md-2666, ECF No. 46, Ex. A ¶ 162. As a result, this long list of potential claims should not be automatically read into the Short Form Complaint.

The Court agrees that this list of consumer protection statutes in the Long Form Complaint does not satisfy PTO 8's requirement that Plaintiff articulate basic theories of liability. The Alabama consumer protection statutes in the Long Form Complaint should not be automatically incorporated into the Short Form Complaint since they were pled along with every other state's claim. Permitting this practice would be problematic, as there would be no reason for Plaintiffs to take any care in preparing their Short Form Complaints and Defendants will be left guessing as to the actual causes of action until they file a dispositive motion. Although one could assume that Plaintiff intended to plead the consumer protection claims of her home state, PTO 8 clearly requires Plaintiff to put Defendants on notice as to the actual causes of action.

To cure this error, Plaintiff would need to file a motion for leave to amend, but Plaintiff has not done so. For these reasons, the Court dismisses Counts 4 and 9, the Tennessee consumer protection claims.

**III. Plaintiff's Minnesota Consumer Protection Claims**

Defendant argues that Plaintiff lacks standing to pursue Minnesota consumer protection claims because an "ever-growing" body of cases in this district have concluded that non-Minnesotans may not sue under Minnesota's consumer protection statutes for harm they suffered outside Minnesota. *See, e.g., McAteer v. Target Corp*, No. 18-349

(DWF/LIB), 2018 WL 3597675, at *3 (D. Minn. July 26, 2018) ("Article III standing for state-law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state."); *Ferrari v. Best Buy Co.*, No. 14-2965 (MJD/FLN), 2015 WL 2242128, at *9-10 (D. Minn. May 12, 2015) (plaintiff who did not allege that he sustained any injury in Minnesota did not have standing to bring claims under Minnesota consumer protection statutes); *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, Civil No. 13-2644 (ADM/SER), 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) ("[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.") (collecting cases).

Plaintiff cites two cases in response: *Khoday v. Symantec Corp.*, 858 F. Supp. 2d 1004, 1007 (D. Minn. 2012), and *Kinetic Co. v. Medtronic, Inc.*, 672 F. Supp. 2d 933, 945 (D. Minn. 2009). Plaintiff argues that it was "implicit" in these decisions that the non-Minnesota plaintiffs had standing to sue under Minnesota's consumer protection statutes. However, there is no basis to infer that either court considered the question. *Khoday*, 858 F. Supp. 2d at 1006-07; *Kinetic*, 672 F. Supp. 2d at 940-41, 945-47. And in *Kinetic*, the court expressly deferred consideration of "choice of law issues or the claims of potential class members in other states" for the class certification stage. *Kinetic*, 672 F. Supp. 2d at 946. Moreover, these cases are factually distinguishable as neither case involved claims for personal injuries.

Alternatively, Plaintiff requests that the Court dismiss without prejudice these claims for lack of standing. The Court agrees that Counts 5-8, the Minnesota consumer protection claims, should be dismissed without prejudice as dismissal is not on the merits.

*See Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."); *Mo. Soybean Ass'n v. U.S. EPA*, 289 F.3d 509, 513 (8th Cir. 2002) ("Dismissal for lack of jurisdiction is not an adjudication of the merits, thus the case must be dismissed without prejudice.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Judgment on the Pleadings [ECF No. 14] is GRANTED.

2. Counts 1-4, 9, 12, and 14 are DISMISSED WITH PREJUDICE.

3. Counts 5-8 are DISMISSED WITHOUT PREJUDICE.

Dated: January 7, 2019

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge